## FARRIS v. HUNTER, Warden.
### No. 2816.

Circuit Court of Appeals, Tenth Circuit.
July 5, 1944.

Edgar J. Bernheimer, of New York City (Sydney J. Schwartz, of New York City, of counsel), for petitioner.

Samuel O. Clark, Jr., Sewall Key, Helen R. Carloss, and Robert Koerner, all of Washington, D. C., for respondent.

[1] See Paul, Federal Estate and Gift Taxation, Sec. 7.25.

Byron G. Rogers, of Denver, Colo., for appellant.

Eugene W. Davis, Asst. U. S. Atty., of Topeka, Kan., for appellee.

Before PHILLIPS, BRATTON, and MURRAH, Circuit Judges.

MURRAH, Circuit Judge.

F. N. Farris, appellant in this case, was charged jointly with C. D. Roberts in two indictments returned in the District Court for the Western District of Texas. One indictment contained eleven counts, the first ten of which charged Farris and his codefendant Roberts with passing, uttering, and publishing as true, altered obligations of the United States, to-wit, United States internal revenue documentary stamps, in violation of Section 151 of the Criminal Code, 18 U.S.C.A. § 265, and count eleven charged a conspiracy to violate the substantive counts of the indictment. The other indictment in one count charged that the same codefendants, acting jointly and severally, had in their possession "washed, restored and altered internal revenue documentary stamps of the United States" (designating them), in violation of the Revenue Act of February 10, 1939, Sec. 1823(c) (3), 53 Stat. 203, 26 U.S.C.A. Int.Rev.Code, § 1823(c) (3).

The indictments were consolidated for trial and the two defendants were tried jointly. Both were convicted on ten counts of the first indictment (the ninth count was dismissed by the Government), and Farris was convicted upon the second indictment. (Apparently his codefendant was acquitted.) Roberts received an aggregate sentence of four years on all of the counts of the first indictment; Farris received an aggregate sentence of four years on the first indictment and six months on the second, to run consecutively with the first. In the trial of the case, the codefendants were represented by counsel hired by Roberts, but appointed by the court to also represent Farris.

After both defendants had been committed to the custody of the appellee as Warden of the Federal Penitentiary at Leavenworth, Kansas, they separately petitioned the trial court for a writ of habeas corpus, alleging that they were unlawfully restrained of their liberty because the first indictment upon which they were tried, convicted and sentenced to a term of four years did not charge an offense against the laws of the United States; that they were denied the effective assistance of counsel in violation of their constitutional rights to a fair and impartial trial; and that certain named counts in the indictment were barred by the statute of limitations.

The cases were heard and decided on the same date, both parties appearing in person and by appointed counsel. The trial court held that the judgments of the sentencing court were lawful and denied both writs. Roberts duly perfected and prosecuted his appeal to this court, paying statutory costs, while Farris gave notice of appeal and asked leave to proceed in forma pauperis. The trial court held that since common questions of fact and law were involved, Farris' case could abide the result of the Roberts' appeal and retained jurisdiction to dispose of it in accordance with our decision in the Roberts case. On application of Farris to proceed here in forma pauperis, we directed that the case be docketed, and entered an order requiring the clerk of the District Court to certify to this court the original pleadings, exhibits, orders, and other papers on file there. See Walleck v. Hudspeth, 10 Cir., 128 F.2d 343. Counsel was appointed to represent Farris, and a brief was submitted stating in substance that the appeal involved the same questions presented by the Roberts' appeal, and requested the court to consider the briefs and arguments presented there as applicable to the contentions of Farris here.

We decided the Roberts' appeal on November 16, 1943, Roberts v. Hunter, 10 Cir., 140 F.2d 38, and what we said there is dispositive of all the contentions of the appellant here except the contention that he was denied a fair and impartial trial because he did not have the effective assistance of counsel. In the petition for the writ, the appellant charged that he was represented by counsel appointed by the court, who also represented his codefendant, and that he "protested the appointment

of Roberts' attorney" as his counsel, stating he wanted his own attorney, or that he wished to act for himself. In that connection, it was charged that there was a conflict and divergence of interest between the codefendants which rendered the same attorney incompetent to represent the two of them in the same trial, citing Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680.

In the light of the seriousness of this charge, we held the case in abeyance until a transcript of the testimony bearing upon this point in the court below could be transcribed and certified here for our consideration. From the record now before us, it is clear that the appellant did not contend in the trial court that he protested the appointment of Roberts' attorney to also represent him, and that he did not point out or call attention to any conflict or divergence of interest between the codefendants. Furthermore, there is nothing in the record from which it can be inferred that the representation of the codefendants by the same counsel resulted in any embarrassment to the attorney or prejudice to his clients. Cf. Walleck v. Hudspeth, supra.

The judgment of the trial court is accordingly affirmed.