## TOLBERT v. UNITED STATES.
### No. 528.

Municipal Court of Appeals for the District of Columbia.

Oct. 2, 1947.

Rehearing Denied Oct. 17, 1947.

Curtis P. Mitchell, of Washington, D. C., for appellant.

J. Warren Wilson, Asst. U. S. Atty., of Washington, D. C. (George Morris Fay, U. S. Atty., and John P. Burke, Asst. U. S. Atty., both of Washington, D. C., on the brief), for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

HOOD, Associate Judge.

Appellant was convicted in the Criminal Branch of the Municipal Court on a charge of assault and battery. The assault was upon a minor female. He prosecutes this appeal on the grounds, first, that he was deprived of the right to be represented by counsel of his own choosing and that such denial was a violation of his rights under

---

the Sixth Amendment to the Federal Constitution, and, second, that he was forced to trial without adequate opportunity to prepare his defense and thus was deprived of due process of law in violation of the Fifth Amendment.

Appellant was arraigned January 30, 1947. Prior to arraignment he was asked whether he had counsel or whether he desired the court to appoint counsel to represent him. He notified the court that he did not have counsel and, upon his request that the court appoint counsel, Curtis P. Mitchell, a member of the District of Columbia Bar, was appointed. The court requested Mr. Mitchell to confer with defendant. Such conference was held, and the defendant informed Mr. Mitchell that he was alleged to have put his hands upon the complainant with indecent intentions, unlawfully and against the will of the complaining witness. Upon advice of counsel defendant then pleaded not guilty, made demand for a jury trial, and asked that bond be set, which was done. The case was thereupon set for trial by jury on March 11, 1947. The name of Mr. Mitchell was entered as defendant's counsel on the information.

From January 30, 1947, to March 11, 1947, defendant remained on bond, and no change in counsel was requested or indicated upon the record, nor did Attorney Mitchell request leave of the court to withdraw from the case.

On March 11 the case was called in the jury branch of the court at about 10 o'clock a.m. Attorney Mitchell appeared in that court and when advised that he had a case there he denied that he had such a case. It was pointed out to him that he appeared as attorney of record. He replied that he was not familiar with the case or the party charged. Defendant then came forward personally and stated that he had employed John G. Saul, also a member of the District of Columbia Bar, to represent him. No appearance had been entered in the case by Mr. Saul, but prior to the convening of the court on the same day he had left a written message with the clerk stating only that he was engaged in the United States District Court.

The presiding judge thereupon stated he would not recognize Mr. Saul as counsel. Mr. Mitchell stated that he had not seen or talked with the defendant since he was arraigned; that under the circumstances he could not adequately or properly defend appellant; that he was not acquainted with the facts and had no opportunity to determine whether appellant had witnesses and to force counsel to trial would be unfair; that defendant had secured counsel of his own choice. The court thereupon stated that defendant had been arraigned and demanded a jury trial on January 30; that between that time and March 11 defendant had been at liberty on bond and had counsel of record; that Mr. Mitchell, in the court's opinion, had ample time to prepare for trial; that there were no witnesses named whose attendance at the trial counsel desired; that the motion for a continuance made by Mr. Mitchell was denied. The court further stated that it would afford Mr. Mitchell an opportunity to consult with the defendant. Mr. Mitchell and defendant then retired from the courtroom for consultation.

The case was not immediately called for trial but was preceded by another jury trial, which concluded at 11:24 a.m. The jury in the instant case was sworn at 11:50 a.m. At the time the case was begun and at no time during the trial were any representations made by Mr. Mitchell that there were absent witnesses whom he desired to call on behalf of defendant, and no extension was asked then or during the course of the trial for the purpose of obtaining the presence of witnesses on behalf of the defendant.

In the statement of proceedings and evidence it is stated that "During the cross-examination of the government witnesses and the direct and re-direct examination of the defendant, Attorney Mitchell exhibited a thorough and familiar knowledge of all of the material and relevant facts of the case." In a supplemental certificate made by the trial judge pursuant to an order from us it is stated that there was no entry of appearance for the defendant by Mr. Saul and further that the written message left by Mr. Saul on March 11 with the clerk of the jury court had not been preserved but that it stated only that Mr. Saul was engaged in

the United States District Court. The record does not disclose when Mr. Saul was retained.

Following the trial, during which appellant took the witness stand, the jury returned a verdict of guilty. The case was continued until March 15 for sentence and again to March 22 at the request of defendant. Meanwhile Mr. Mitchell, for appellant, filed a motion for a new trial. In this motion the formal grounds were recited that the verdict was contrary to the evidence, to the weight of the evidence and contrary to law, and also that defendant was denied due process of law in that counsel "was not permitted adequate time within which to prepare the defense." The motion was heard on March 29 and overruled. Defendant was thereupon sentenced to 240 days in jail. This appeal was filed and argued by Mr. Mitchell.

The Sixth Amendment, which applies to prosecutions in the District of Columbia, provides that "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial * * * and to have the Assistance of Counsel for his defence." The part of the Fifth Amendment upon which appellant relies provides that "No person shall be * * * deprived of life, liberty, or property, without due process of law." The only other statute or rule involved is Municipal Court Civil Rule 62 (c) made applicable to criminal trials by Municipal Court Criminal Rule 18, providing that "No attorney may withdraw his appearance except by leave of Court after notice served on his client."

■ In considering this case we begin with the following basic principles: (1) in a criminal case the accused is entitled to the benefit of effective assistance of counsel; and (2) the accused is entitled to a fair opportunity to secure counsel of his own choice.[1]

■ In the present case accused had the benefit of counsel in the person of Mr. Mitchell and the record affirmatively shows that he rendered effective assistance. Regardless of lack of preparation prior to the day of trial, on that day Mr. Mitchell had considerably more than hour's time in which to confer with accused and prepare for trial. The record does not disclose that the case was a complicated one or involved any question of law requiring extensive research. From the statement in the record that Mr. Mitchell "exhibited a thorough and familiar knowledge of all the material and relevant facts of the case," we must assume he had sufficient time for adequate preparation. There is not even an intimation in the record that there were witnesses favorable to defendant whose testimony could have been obtained had a continuance been granted. It appears to us that the defendant was ably represented by Mr. Mitchell and was accorded a fair trial. We, therefore, must hold that the defendant was not denied the right to effective assistance of counsel.

■ The defendant was also given a fair opportunity to engage counsel of his own choice. More than a month elapsed between arraignment and trial, during which time defendant was at liberty on bail and free to consult with and select any attorney he chose. He exercised his right and selected Mr. Saul. When that was done neither defendant nor his counsel had the right to do nothing, wait until the case was called and then demand a continuance. A duty rested upon both defendant and his counsel to make reasonable efforts to be prepared when the day for trial arrived. If such reasonable efforts were made, but on the day of trial counsel could not be present because of engagement in another court, illness or some other cause, then defendant as a matter of right would have been entitled to a continuance.

■ The right to select counsel does not mean that once such selection is made the defendant can never be tried in the absence of that counsel. Trial may commence in the absence of selected counsel if his absence is without good cause. One who selects his own counsel cannot escape the consequences of the actions of that counsel. No court can undertake to protect an accused from all errors of commission or omission of his lawyer.

■ The case narrows itself to the question whether good cause was shown for Mr.

---

[1] Cf. Powell v. State of Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158, 84 A.L.R. 527.

Saul's absence on the day set for trial. The record does not show when Mr. Saul was engaged, whether on the day of trial or a month before; and it does not show whether any steps were taken by Mr. Saul in preparation for trial. Neither does it show that Mr. Saul was prepared for trial. All the records shows is that sometime prior to the case being called for trail, Mr. Saul was engaged, that he entered no appearance and that on the day of trail, prior to opening of court, he left a message with the clerk that he was engaged in the District Court. We do not think this is a showing sufficient to require a continuance. Of course, in its discretion the trial court could have granted a continuance, but we are not concerned with whether a continuance could have been granted. Our question is whether it should have been granted.

Mr. Saul entered no appearance in the case. His note to the clerk contained no statement that he was the attorney in the case, did not say how long he expected to be engaged in the District Court or when he would be ready to try this case. There is no showing in the record of the time when Mr. Saul first learned of his District Court engagement or any reason why he did not appear in the Municipal Court prior to the trial day and request the continuance, making fuller explanation of the necessity therefor. There is no showing that the defendant or Mr. Mitchell when notified that the case would be tried, made any effort to communicate with Mr. Saul at the District Court, which is less than a block away from the Municipal Court, and have the matter more fully presented to the court. In view of so little that is shown by the record and so much that is not shown, we cannot say that defendant was denied any substantial right.[2]

We repeat that an accused is entitled to an opportunity to secure counsel of his own selection, and, if for good cause such counsel cannot appear on the day set for trial, the accused is entitled to a continuance in order that such counsel may represent him. But we also say that the orderly dispatch of court business is not to

be upset and delayed by an attorney whose actions, so far as disclosed by the record, indicate an indifference to his duties to both his client and the court. The right to select counsel of one's choice does not carry with it the right of that counsel to select the time of trial.

Affirmed.

CLAGETT, Associate Judge (dissenting).

I concur in most of the opinion of the court in this case. I disagree, however, on one point which I believe is controlling. When the case was called for trial, defendant appeared personally and stated he had retained Attorney Saul to represent him. Mr. Saul was not present, but had left a written message saying he was in District Court. The court then stated it would not recognize Mr. Saul as counsel. This, it seems to me, violated the fundamental rule that a defendant in a criminal case is entitled to counsel of his own choosing. All the steps which defendant might have taken when he learned his attorney was not present, such as going to District Court and finding Mr. Saul, were cut off in limine. Having been told by the court that Mr. Saul would not be recognized, he had every reason to believe such steps would be useless.

No doubt such situations can be and are avoided by careful attorneys. Means are ordinarily available for resolving conflicting engagements of counsel in different courts and means are also available for penalizing the few attorneys who interfere with the proper conduct of the court's business. But defendants, I believe, should not be punished for faults of lawyers. Here defendant appeared in court personally at the time set for trial. Before the trial he had retained his own lawyer, and the court was advised of the fact.

Thus the case, as I see it, differs from Neufield v. United States, 73 App.D.C. 174, 118 F.2d 375, certiorari denied 315 U.S. 798, 62 S.Ct. 580, 86 L.Ed. 1199, wherein one of the defendants, after time for trial had been set for some period, requested, on the morning of trial, more time to secure his

---

2 Cf. Avery v. State of Alabama, 308 U.S. 444, 60 S.Ct. 321, 84 L.Ed. 377; Neufield v. United States, 73 App.D.C. 174, 118 F.2d 375, certiorari denied, 315 U.S. 798, 62 S.Ct. 580, 86 L.Ed. 1199.

own counsel. Thus he never exercised his right and therefore waived it. I believe the present case is more like People v. Price, 262 N.Y. 410, 187 N.E. 298, at page 299, wherein the court said "Where, therefore, a defendant appears by his own attorney, there is no power in the court to assign counsel at any stage of the proceedings."[1] It may be urged here that defendant's counsel did not "appear", but he had been retained, and the court was informed he had been retained. Failure of counsel to "enter his appearance" was no fault of defendant and in any event such failure has been held not to constitute a fatal defect. People v. Gordon, 262 App.Div. 534, 30 N.Y.S. 2d 625. There were various steps counsel should have taken, but, as I see it, his client, the defendant, was not responsible for his lapses.

I believe, therefore, that defendant was deprived of a fundamental right when he was told his choice of attorney would not be recognized. Because of this, it is my opinion that the judgment should be reversed.

---

[1] See also United States v. Bergamo, 3 Cir., 154 F.2d 31.