**UNITED STATES v. BERNETT et al.**

Cr. No. 21646.

United States District Court

D. Maryland.

Feb. 28, 1952.

Carl Close, per se.

Bernard J. Flynn, U. S. Atty., Baltimore, Md., for defendants.

CHESNUT, District Judge.

One of the defendants in the above case, Carl Close, on February 11, 1952 filed a motion in this court under section 2255 of title 28 U.S.C., to vacate the sentence which had been imposed upon him in the above entitled case on June 3, 1949. On this petition an order was passed that the United States Attorney show cause on or before February 16, 1952, why relief should not be granted, and on February 15, 1952 the United States filed its answer, which does not raise any disputed matters of fact, but contends that the petition on its face, in connection with the files and records of the case, show that the prisoner is not entitled to any relief.

Upon consideration of the petition and answer and after a review of the files and records of the case, I conclude that the latter conclusively show that the prisoner is entitled to no relief and the motion is therefore hereby *overruled*. As there is no controverted issue of fact, I have not found it necessary to require the production of the prisoner at the hearing. He is now confined at Alcatraz, California.

The only ground for relief stated in the defendant's motion is that the court lacked jurisdiction to pronounce sentence in the case because the defendant was inadequately represented by counsel. More particularly it is now asserted by Close that he protested to his personally selected counsel, Paul B. Mules, against the latter's acting also as counsel for the other defendants, Bernett and Mann, because he, Close, understood that Bernett and Mann had made statements implicating themselves and also Close, but that he, Close, had made no such statement. From the present motion it seems to appear that Close waived his objection to Mr. Mules with respect to the defendant Bernett, who was Close's brother-in-law, but still protested to Mr. Mules that he should not represent Mann. The motion contends that the effect of the introduction in evidence of the statements by Bernett and Mann would necessitate in-

consistent arguments by Mules in the defense of all three defendants, resulting in prejudice to Close.

The motion alleges that the written statements of Bernett and Mann implicating Close were in fact put in evidence at the trial, but that is contradicted by the official stenographic minutes of the trial, as will be later shown, and it is important to note that the motion does *not* allege that Close's dissatisfaction with Mules' representation of all three defendants was brought to the attention of the court at any time during the trial, or until the present motion was filed more than two years thereafter.

I was the trial judge for this case and recall the main features of the case very distinctly. I have also now further refreshed my recollection by examination of the files and records in the case. So far as now relevant they show the following. On May 17, 1949 the three defendants were indicted by the Grand Jury on 7 counts for robbery of two separate banking institutions in Baltimore City, one the Occident Federal Savings and Loan Association on January 28, 1949, and the other a branch office of the Union Trust Company of Maryland, a member of the Federal Reserve System, on February 15, 1949. In the first case the charge was that the defendants had taken $2,868 and in the second the sum of $31,715. The first six counts of the indictment were based on 18 U.S.C. §§ 2113(a) (b) (d) and (f) respectively. The seventh count charged interstate transportation from Maryland to Virginia of money of the value of $31,715. Sec. 2314.

On May 20, 1949 the appearance of Paul B. Mules, Esq., was entered for the defendants James Bernett and Carl Close and they were arraigned and pleaded not guilty on that day. On June 2, 1949 Mr. Mules entered his appearance for the defendant Roy L. Mann (who had theretofore been in the custody of the Maryland State authorities) who was arraigned and pleaded not guilty. The trial of the case ensued on June 2 and 3, 1949. I have refreshed my recollection as to some of the details of the trial by having the official court stenographer re-read relevant portions of the transcript of evidence. No one of the defendants testified on his own behalf and no witnesses were called on behalf of the defendants. Both the United States Attorney and the attorney for the defendants waived their arguments to the jury. The court charged the jury at some length particularly stressing the importance of consideration by the jury as to the sufficiency of evidence of identification of the defendants respectively by witnesses. No exception was taken to the charge. The jury soon returned a verdict of guilty on all counts of the indictment as to each of the three defendants. After the verdict had been rendered the court inquired whether the defendants were ready for sentence, and Mr. Flynn, the United States Attorney, then informed the court in the presence of the defendants and their counsel, that shortly theretofore during the noon recess of the court, after the evidence in the case had been substantially concluded, the defendants had made a forcible and violent attempt to escape from the cage in the marshal's office, by hurling a tray of luncheon dishes at a deputy marshal, knocking him down and seizing his revolver. All three defendants succeeded in breaking out of the cage and one got out into the main corridor near the stairway when he was apprehended by the vigilance of Marshal O'Connell, and all of the defendants were subsequently returned to confinement. The evidence as to this attempted escape was not brought to the attention of the jury. When the defendants were asked if they had anything to say with regard to imposition of sentence, none of them had anything to say. The court imposed the same sentence on each of the defendants which, in consolidated effect, was imprisonment for 35 years and a fine of $15,000. No motion for a new trial was filed by any one of the defendants and no appeal was taken by any one of them.

With respect to the statements made by Bernett and Mann as evidence in the case, the official stenographer's minutes, as read to me by him yesterday, show that when the statements were offered by the

Government, Mr. Mules, as counsel, objected to their introduction and then, out of the presence of the jury, the witnesses who had taken the statements from Bernett and Mann respectively, were instructed not to mention the name of the third defendant, Close, in their oral repetition of the statements made to them respectively; and no written statements were in fact offered in evidence. There was, however, clear and convincing oral evidence of other witnesses that Close was an active participant in the robberies. The stenographic minutes have not yet been transcribed by the reporter but, of course, can be written up if hereafter necessary.

At no time during the arraignment of the defendants nor during the trial did Close or any of the other defendants express dissatisfaction with the representation of any of the defendants by Mr. Mules, and no suggestion was made by him of any inability to represent all the defendants or that he was in any way handicapped or embarrassed by representing all of them. So far as the court was at any time aware he was the freely selected choice of all the defendants to defend them throughout the case. Paul B. Mules was an attorney of middle age, well known as one of the leading members of the trial bar in Baltimore and entirely competent and experienced especially in that class of cases. He was apparently in entirely good health during the trial of the case but died suddenly about six months ago, two years after the trial of the particular case. He was the only attorney of record in the case for the defendants and apparently would be the only witness with respect to the contention now made by the defendant, Close.

The clerk's files of the case also show that in August and November 1949 and in January 1950 Close, then confined at Atlanta, Georgia, had correspondence with the clerk of this court with regard to obtaining without expense a transcript of the proceedings and evidence in the case. In reply the clerk inquired for what purpose the papers were desired and if in connection with a proposed application for a writ of habeas corpus. To this Close replied by letter of November 14, 1949 saying that he did not intend to file for a writ of habeas corpus but did intend to file a motion to vacate sentence under section 2255 on the grounds that his constitutional rights were violated in several respects and that it was necessary for him to have the proceedings "before deciding the exact ground so they will be compatible with the records". The clerk then advised Close in his letter of November 18, 1949 that the court had passed an order permitting him to file his petition to vacate the sentence in forma pauperis; but that the clerk was not authorized to furnish the requested transcript of the record at public expense for that purpose. In reply to this letter Close under date of January 25, 1950 wrote to the clerk acknowledging receipt of the copy of the commitment, judgment and indictment, but not the transcript that he requested. In this letter he said:

"I wish to inform the Honorable Court, That I intend to file a Writ of Habeas Corpus on the grounds that the Court was without Jurisdiction to sentence the defendant, Since he Stood before the Court a legally insane man. As the Court was informed by defendant's Council that the defendant had been discharged from the United States Navy for Psychoneursis. That the defendant was repsented by Incompent Council. Due to the fact, That he did not repsent the defendants best interest by pointing out to the Honorable Court that it was without Jurisdiction in this Case and insisting on a Mental Examination that the defendant was intitled too. To determine If the defendant was legally sane and Responsable for his actions in a Court of Law.

"Both of the above mentioned Points being a Violation of the defendants Constitutional rights and Due Process of law garenteed under the Fifth and Sixth Amendments to the Constitution of the United States of America."

On January 31, 1950 the clerk replied stating that he found no authority for furnishing the transcript of the evidence for use in a habeas corpus proceeding by Close

presumably in the District of Georgia; and informing him that under section 2255 of title 28 United States Code it was provided that a petition for habeas corpus could not properly be filed in a district court which was not the sentencing court unless a motion to strike out the judgment had first been filed in the sentencing court; but that such a motion to vacate the sentence imposed could be filed in the latter court. The clerk apparently received no further communication from the defendant with regard to the case until the present motion filed February 11, 1952 to vacate the sentence was received from the defendant, then at Alcatraz.

On March 8, 1950 one of the defendants, Roy L. Mann, filed a petition under title 28, § 2255 to vacate the judgment on constitutional grounds alleging that—

"1. The Court was without jurisdiction over the subjects matter of Counts Two (2), Three (3), Five (5) and Six (6), since such Counts are merely duplication of Counts One (1) and Four (4) and do not warrant separate penalties for imposition of Sentence upon Counts 2, 3, 5, and 6 are in violation of the double jeopardy provisions of the Constitution of the United States.

"2. Petitioner's Constitutional Rights were infringed for a considerable length of time prior to being brought to trial in that he was held for more than nine days without any charge being placed against him and subject to continuous questioning and severe intimidation by the arresting officers."

This motion was overruled by the court after reviewing the records in the case, in a three-page typewritten opinion. An appeal was taken by Mann to the Circuit Court of Appeals for the Fourth Circuit where the order was affirmed by a per curiam opinion reading: "This is an appeal from an order denying a motion made under 28 U.S.C.A. § 2255 to vacate and set aside a sentence of imprisonment. The motion is entirely without merit for reasons adequately stated in the opinion of the judge below. United States v. Bernett, et al., D.C., 92 F.Supp. 26 See also Taylor v. United States, 4 Cir., 177 F.2d 194." Mann v. United States, 4 Cir., 183 F.2d 1024.

The present motion of the defendant Close is evidently patterned upon the case of United States v. Hayman, 342 U.S. 205, 72 S.Ct. 263, about one month before the filing of Close's present motion and about six months after his attorney at the trial of this case had died. The Hayman case, opinion by Mr. Chief Justice Vinson, construes and applies section 2255 of title 28 in the light of its legislative history. It was held that where a motion to vacate a judgment in a criminal case states facts which if found true deprived the court of jurisdiction on constitutional grounds, or where the judgment is otherwise open to collateral attack, the defendant is entitled to be present at the hearing of his motion to vacate where his personal evidence would be relevant on any disputed fact. In the instant case Close specially requests the issuance of a writ of habeas corpus ad testificandum to bring him from Alcatraz to Maryland for the hearing of his motion.

In the Hayman case it was found (or assumed for purposes of the case) that the facts alleged by the petitioner rendered the judgment subject to collateral attack and therefore the trial court had erroneously held a hearing on the motion without the personal presence of the petitioner who, it appeared, purported to have knowledge of a disputed fact. It may be superficially thought that Close's present motion is of a similar nature; but on closer examination it clearly enough appears that there is a very substantial difference between the facts now alleged by Close, to show infirmity in the judgment, when compared with the facts considered in the Hayman case. In that case the petitioner alleged that he had inadequate representation from his attorney because he did not learn until *after the trial* that his attorney was also counsel (in a related case) for the chief prosecuting witness against the petitioner.

But in the instant case the files of the court which I have reviewed show very clearly that during the trial of the case

Close was well aware of the fact that his attorney, Paul B. Mules, represented all three defendants in the case. Despite this knowledge he made no objection to the court at any time during the trial or before sentence although given full opportunity to say, if desired, that he was not competently represented by counsel. And, as appears from his letter in the file to the clerk of the court, when he stated the grounds on which his then proposed proceeding was to be taken, the objection to the adequacy of his representation by counsel was based upon entirely different grounds from that now assigned. Furthermore the present alleged ground is made for the first time more than two years after the judgment in the case, and six months after the death of the attorney who apparently would be the only witness with regard to the charges now made against the attorney. In these circumstances it is my opinion that the motion for vacating the sentence presents no sufficient ground for bringing the defendant back from Alcatraz to Maryland to attend the hearing on the motion, especially as no fact is advanced by the petitioner to explain his long delay and the intervening prejudice to the Government resulting therefrom by reason of the prior death of the attorney.

 While it has been made clear by authoritative judicial decisions that in the important matter of assistance of counsel in criminal cases, a waiver of rights by the defendant is not to be lightly inferred, it is my view that the facts and circumstances of the present case clearly show a waiver of any valid objections that the defendant Close may have had to his representation by Mr. Mules and that he is clearly estopped now from asserting the contrary.

I find nothing in the several cases cited by the petitioner in conflict with this view. Wright v. Johnston, D.C., 77 F.Supp. 687, and Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680, dealt with the question of the adequacy of an attorney in representing several different defendants with possibly conflicting interests but the facts in each of the cases are distinguishable from the present case. Here the attorney, Mr. Mules, was not an attorney appointed by the court but was the personal selection of the defendants themselves. And in the cases cited the objection was promptly made in the trial court. The status of counsel privately and personally selected by the defendant in a criminal case is that of a general agent for the defendant in the conduct of the case. In my view it would be a serious detriment to the effective enforcement of the federal criminal law if, after a trial otherwise open to no objection, a sentence pronounced after a fair trial resulting in a verdict of conviction based on clear and convincing evidence should be vacated on the insufficient grounds assigned by the present petitioner.

The Court of Appeals for this Fourth Circuit has considered motions to vacate criminal sentences of this general nature in a number of recently decided cases, some involving an alleged inadequacy of counsel, by virtue of supposed conflicting interests of defendants. The conclusion here is consistent with those decisions. Sanders v. United States, 4 Cir., 183 F.2d 748; Crowe v. United States, 4 Cir., 175 F.2d 799; Tarkington v. United States, 4 Cir., 194 F.2d 63.

 It is my understanding that when Congress in enacting section 2255 provided that applications for habeas corpus should not be entertained by a distant district court until after consideration of a motion to vacate the judgment filed in the sentencing court, it was the intention to have, for further consideration in any other court, the benefit of what light could be thrown upon the case from the files and records of the sentencing court. Therefore in this opinion I have endeavored to supply that information. Carvell v. United States, 4 Cir., 173 F.2d 348.

For these reasons the motion to issue a writ of habeas corpus ad testificandum and the motion by the defendant Close to vacate the judgment is hereby *overruled.*