## SLAUGHTER v. UNITED STATES.
### No. 1219.

Municipal Court of Appeals for the District of Columbia.

Argued June 3, 1952.

Decided June 23, 1952.

Ralph R. Sachs, Washington, D. C., appointed by this court, for appellant.

William B. Bryant, Asst. U. S. Atty., Washington, D. C., with whom Charles M. Irelan, U. S. Atty., and Joseph M. Howard, Asst. U. S. Atty., Washington, D. C., on the brief, for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

Appellant was found guilty of an assault and sentenced to serve 360 days. This appeal raises the sole question whether appellant was denied the right to effective assistance of counsel at trial.

Appellant was arrested on December 12, 1951. On the following day when the information was filed against him the court appointed counsel to defend. After a plea of not guilty appellant was committed to Gallinger Hospital for a mental examination. The hospital reported appellant to be of sound mind and he was returned to court on December 25, at which time his previously appointed counsel was permitted to withdraw from the case and other counsel appointed to defend. The case was continued to January 9 to permit locating a "critical witness" for appellant. On January 9 the case was again continued to January 29 to permit continuing the search for appellant's witness. Two other continuances were had and the case was eventually set for trial on February 12. On February 11, the day before trial, appointed counsel filed a praecipe withdrawing his appearance, leaving appellant without counsel. On February 12 the court appointed a third attorney to represent appellant and this attorney "during a recess" consulted with appellant through the wired door of the cell block. When the case was

called for trial both sides announced ready. Jury having been waived, trial was before the court.

Except for the arresting officer who did not see the occurrence, there were only two witnesses at the trial, the complaining witness and appellant. Their testimony was in agreement on certain facts, namely, that they were previously acquainted, that on the night of the occurance they met in a tavern and after leaving the tavern went to appellant's room, that in the room was a woman, described by appellant as "a girl friend," and a quarrel ensued between the two men concerning the woman, and that appellant swung twice with a razor at complaining witness, "nicking" complaining witness' ear with one swing and cutting his rear trouser pocket with the other. According to complaining witness the attack on him was without provocation. According to appellant he used the razor only after complaining witness hit him hard in the stomach.

Upon being adjudged guilty appellant stated his intention to appeal and thereafter petitioned this court to appoint counsel for him. We appointed present counsel who has prosecuted the appeal vigorously and ably.

■ As before stated, this appeal is based on the sole ground that appellant was denied the right to effective assistance of counsel. Several points are made under this contention. One point is that the record does not show that appellant was given the opportunity to select his own counsel. The answer to this is that the record does not show that appellant at any time indicated either the desire or ability to employ his own counsel.

■ Another point made is that counsel who defended at trial was given an inadequate length of time in which to familiarize himself with the case in order to properly conduct the defense. The record does not show how much time was given; it only shows that counsel conferred with appellant "during a recess." Whether this was a matter of a few minutes, half an hour or more is not shown. Apparently counsel thought the time sufficient since he did not ask for additional time or for a continuance. It is quite true that in order to render effective assistance counsel must have the time necessary for adequate preparation for trial, but such time must necessarily depend upon the nature of the case, the complexity of the factual issues and the legal principles involved. This was a fairly simple case. Appellant admitted cutting a man with a razor but claimed to have done so in self-defense after first being attacked. We cannot say that a recess of undisclosed length was insufficient time for preparation for trial. In this connection complaint is made that trial counsel was compelled to confer with appellant through the wired door of the cell block. We readily agree that this was not an ideal setting for a consultation between attorney and client, but there is nothing in the record to show that trial counsel was thereby handicapped in his preparation for trial.

■ It is argued that a continuance of the case should have been granted in order to permit further search for appellant's witness. This witness, referred to in the record as a "critical witness" and in appellant's brief as an "eye witness," was, we assume the woman in appellant's room. Since former counsel had had well over a month to search for this witness and his efforts had apparently been fruitless, there is no reason to assume that a further search would have been any more successful.

■ Argument is made that appellant's legal representation at trial is demonstrated to have been ineffective by reason of his counsel's failure to cross-examine the prosecuting witness and failure to introduce in evidence the criminal record of the prosecuting witness. The record does not affirmatively show that the prosecuting witness was not cross-examined after his testimony in chief, but does show that he was cross-examined after being recalled to testify on rebuttal. The right of cross-examination is fundamental, but the failure to exercise that right does not necessarily show ineffective representation. It is well known that cross-examination may hurt

more than help. The decision to cross-examine or not to cross-examine is a matter of trial tactics involving many factors rarely appearing of record. We cannot rule that failure to cross-examine conclusively demonstrates ineffective representation of appellant.

With respect to failure of trial counsel to introduce in evidence the criminal record of the prosecuting witness, it would seem that both the prosecuting witness and appellant had criminal records because appellant testified that he and the prosecuting witness first became acquainted at the District workhouse. Again we come to the field of trial tactics. Defendant's counsel may have concluded that the best course was to stay away from the question of criminal records, fearing that a comparison of one against the other would not be advantageous to his client or at least would accomplish no good. We cannot say that this was error. If it was, it was an error of judgment and does not establish proof of ineffective representation.

In conclusion we note that appellant has had three appointed counsel in the trial court and one in this court. We know he has received able representation on the appeal and the record fails to show that he did not receive such representation at trial. Why two trial counsel withdrew from the case we do not know. For all that appears from the record such withdrawals may have been with the consent of appellant or even at his insistence. The record discloses no denial of any substantive right of appellant. An acquittal does not always follow from able representation by counsel; neither does a conviction prove inadequate representation.

Affirmed.