Tony E. MULDROW, Appellant,

v.

UNITED STATES of America, Appellee.

No. 16804.

United States Court of Appeals
Ninth Circuit.

Sept. 6, 1960.

Arthur S. Freedman, Emil M. Stranz, Norwalk, Cal., for appellant.

Laughlin E. Waters, U. S. Atty., Robert J. Jensen, Timothy M. Thornton, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before CHAMBERS and BARNES, Circuit Judges and BURKE, District Judge.

BARNES, Circuit Judge.

Appellant was convicted in two counts of violation of 18 U.S.C. § 1708 prohibiting the taking and opening of mail left for collection. He was sentenced to one year's confinement on each count, the sentences to run concurrently, and credit was given for fifty-two days already served. This Court has jurisdiction of the appeal from this conviction. 28 U.S. C. § 1291.

One Friday night in San Bernardino, California, a passerby saw appellant wandering down the street drunkenly. The passerby testified that he saw Muldrow take a package from on top of a mail depository, and rip it open. The package originated in New York and was addressed to a person in San Bernardino. The box from whence the package was taken was a depository, not a mailman's collection point.

The passerby called the police, and after some looking around appellant was located and arrested by the local police officer. Appellant was held in the San Bernardino jail. At 9:30 A.M. on Monday, the federal authorities were notified. A federal officer then checked with the addressee of the package and the passerby. He was unable to contact the United States Commissioner in San Bernardino because he was in trial. The federal officer took custody of appellant at 2 o'clock in the afternoon. He took appellant to his own office and questioned him for half an hour or an hour, during the course of which questioning appellant signed a confession. The officer thereupon took appellant before a committing magistrate in Riverside, California, eleven miles away. The testimony is that appellant

was taken before the magistrate at 3 o'clock in the afternoon.

Appellant's first contention is that the admission of the confession into evidence was reversible error under Rule 5(a) [1] of the Federal Rules of Criminal Procedure, 18 U.S.C.A., and the McNabb doctrine. McNabb v. United States, 1943, 318 U.S. 332, 63 S.Ct. 608, 87 L.Ed. 819. Cf. Upshaw v. United States, 1948, 335 U.S. 410, 69 S.Ct. 170, 93 L.Ed. 100; Mallory v. United States, 1957, 354 U.S. 449, 77 S.Ct. 1356, 1 L.Ed.2d 1479. The first case was decided before the Criminal Rules of Procedure were adopted, but the language involved is the same in all three cases. Their legal principle is here confused by the fact that appellant was held for over two days by local police officers before he came into federal custody. All time elements after appellant came into federal custody are not clear, but it is clear that the federal officer took appellant to his office and elicited a confession before taking him before a magistrate. There is language in Mallory v. United States, supra, 354 U.S. at page 454, 77 S.Ct. at page 1359, which indicates that this procedure is improper:

> "The scheme for initiating a federal prosecution is plainly defined. The police may not arrest upon mere suspicion but only on 'probable cause.' The next step in the proceeding is to arraign the arrested person before a judicial officer as quickly as possible so that he may be advised of his rights and so that the issue of probable cause may be promptly determined. The arrested person may, of course, be 'booked' by the police. *But he is not to be taken to police headquarters in order to carry out a process of inquiry that lends itself, even if not so designed, to eliciting damaging statements to support the arrest and ultimately his guilt."*

(Emphasis added.) On its face this language indicates the federal officer should have taken the appellant directly to the magistrate without stopping at his office for questioning and elicitation of a confession.

■ The government insists that there was no "unnecessary delay" in the arraignment of appellant, which is what Rule 5(a) proscribes. It contends that the time appellant was held in custody by local officers cannot be held against the federal officer. It seems to us that this factual situation should occupy some middle ground. It should not be ignored entirely, nor can it be considered as federal custody. We think it should be taken into account in determining the reasonableness of the delay that did ensue after the federal officer took custody. See Carpenter v. United States, 4 Cir. 1959, 264 F.2d 565, holding state custody is not to be considered unless on behalf of the federal government.

The government contends that the appellant bore the burden of proving that the delay was in fact unreasonable, and failed to meet such burden. The government cites Joseph v. United States, 5 Cir. 1957, 239 F.2d 524. This places the burden on appellant, and states that the mere fact that the confession was obtained before arraignment does not invalidate it. The government also cites United States v. Heideman, D.C.Cir., 1958, 21 F.R.D. 335, 337 (Judge Holtzoff), for the point that the framers of the rules did not intend that "without unnecessary delay" should mean "immediately," and allowed a confession to be introduced on somewhat similar facts.

The government likewise relies on a recent case in this Circuit: Williams v. United States, 1959, 273 F.2d 781. Nei-

---

1. Fed.R.Crim.P. 5(a): "(a) Appearance before the Commissioner. An officer making an arrest under a warrant issued upon a complaint or any person making an arrest without a warrant shall take the arrested person without unnecessary delay before the nearest available commissioner or before any other nearby officer empowered to commit persons charged with offenses against the laws of the United States. When a person arrested without a warrant is brought before a commissioner or other officer, a complaint shall be filed forthwith."

ther side has cited Ginoza v. United States, *decided by this Circuit on June 6, 1960, 279 F.2d 616.*

■ It is obvious that "without unnecessary delay" does not and cannot mean "instantly." The language of Mallory indicates that the "without unnecessary delay" of the statute is equivalent to "as quickly as possible." Such phrase means as quickly as is possible after certain matters have been attended to. As this Court suggested in Ginoza, supra [279 F.2d 620], such matters might well be (a) the "booking" of a suspect, (b) a "quick verification through third parties" of a "story volunteered by the accused," (c) a search of the arrested person. Indeed, all such matters are vital to protect against arraignments which the facts, as finally established, do not justify.

■ The McNabb opinion shows that reasonable promptness in taking a prisoner before a committing magistrate and the showing of legal cause why an arrested person is detained was necessary to check "resort to those reprehensible practices known as the 'third degree' which, though universally rejected as indefensible, still find their way into use." This procedural requirement "outlaws easy but self-defeating ways in which brutality is substituted for brains as an instrument of crime detection." McNabb, supra, 318 U.S. at page 344, 63 S.Ct. at page 614.[2]

In Upshaw v. United States, supra, 335 U.S. at page 412, 69 S.Ct. at page 171, Mr. Justice Black held that the McNabb rule was to apply to voluntary as well as involuntary confessions. The purpose of the requirement for prompt commitment was to prevent "secret interrogation of persons accused of crime." [3]

But as pointed out in United States v. Mitchell, 1944, 322 U.S. 65, 64 S.Ct.

896, 88 L.Ed. 1140, this cannot be an absolute rule. If it were, a voluntary confession of the commission of a crime to an arresting officer immediately after arrest would be inadmissible. As Mr. Justice Reed points out in his dissent in the Upshaw case (note 38, at page 436 of 335 U.S., at page 183 of 69 S.Ct.), the Notes to Rules of Criminal Procedure, as prepared under the direction of the Advisory Committee, state at page 30 with reference to the phrase "within a reasonable time" that such language was intentionally used so as to save confessions, *"where the delay in committal was brief and reasonably explained * * *."* (Emphasis added.)

In the Mallory case, the period of detention was shorter (seven to ten hours) than in McNabb and Upshaw, but the availability of numerous committing magistrates was greater. The "arraignment could easily have been made in the same building in which the police headquarters [and Mallory] were housed." 354 U.S. at page 455, 77 S.Ct. at page 1360, 1 L.Ed.2d 1479.

In the Ginoza case, Ginoza was arrested on Thursday afternoon at about 3:15 P.M., and about fifteen minutes later he was taken to the federal building for searching. After approximately an hour's questioning, Ginoza confessed. A call was made to the United States Commissioner, whose office was five blocks away, but he had gone home. No effort was made to contact the Commissioner at his home. No attempt was made to reach the two United States judges whose courts and chambers were in the federal building. There was another hour's questioning, and further damaging admissions by Ginoza. Between 5:10 and 5:30 P.M., *the officers obtained a search warrant to search Ginoza's place of business from the same Commissioner they had previously attempted to reach.*

2. In McNabb there existed fourteen hours of detention, plus two days of questioning, while being detained in a room of a federal building.

3. Upshaw was arrested Friday at 2:00 A. M. and was detained until Saturday noon

("at least thirty hours") "for the very [admitted] purpose of securing these challenged confessions." Upshaw v. United States, supra, at page 414 of 335 U.S., at page 172 of 69 S.Ct.

In Ginoza, the majority discuss briefly the facts of Williams v. United States, supra, and on those facts distinguish it. There the arrested person was detained at his premises, after arrest, while a search was being completed. This prevented an arraignment that afternoon, for the Commissioner had closed his office by the time the arrested person had arrived at the federal building.

 As this Court stated in Williams, supra, 273 F.2d at page 797, "the arresting officers do not have to make a bee line to the Commissioner's office." Rule 5(a) "does not call for mechanical or automatic obedience. Circumstances may justify a brief delay * * *." Mallory v. United States, supra, 354 U.S. at page 455, 77 S.Ct. at page 1359, 1 L.Ed. 2d 1479.

We believe, as was stated in Williams, supra, at page 798, that "whether or not a confession should be excluded or omitted as violative of Rule 5(a) is a question of law to be determined by the district judge"; often reached "only after a resolution of the factual situation presented by the facts and circumstances in · the particular case."

 In the instant case, the appellant was arrested by the city police of San Bernardino, California, on Friday night October 9th or 10th, 1959, about midnight. It was not until Monday, October 12th, 1959, that the United States Postal Inspectors were notified of appellant's arrest, at about 9:00 to 9:30 A.M. An Inspector immediately went to the San Bernardino city jail, read the police reports, talked to the officers, and attempted to contact the addressee of the parcel. He talked to the daughter and grandson of the addressee, who was out of town. He located and talked to the two witnesses who had seen the appellant take the mail. After the noon hour, the Inspector took appellant from the jail, about 2:00 P.M., and after a conference of approximately three-quarters of an hour in the Inspector's office, appellant was taken before the United States Commissioner at Riverside, California, located a distance of eleven miles from San Bernardino. Appellant was arraigned about 3:00 P.M. The confession was prepared and signed in the Postal Inspector's office between 2:00 and 2:45 P.M. The only parties present were the appellant, the Postal Inspector, and his secretary. During this time the Inspector made the unsuccessful attempt to arraign the appellant in San Bernardino and arrangements for the arraignment of the appellant in Riverside. The United States Commissioner located in San Bernardino was in court, and not available to arraign anyone.

We hold that on the facts in this case the trial court did not err in denying appellant's motion that the confession be barred upon the ground it had been obtained in violation of Rule 5(a).

As in the Williams case, we here consider only a possible violation of Rule 5(a), and not the violation of any constitutional right. We point out that here, as in Williams, "there were no aggravating circumstances such as appear in McNabb, Mallory and Upshaw." 273 F.2d at page 798. And here, unlike Ginoza, there was no opportunity overlooked by the Postal Inspector to take the appellant before a United States Commissioner at the earliest possible moment.

 Appellant's second ground is that the evidence does not support the conviction. We find no merit in this contention.

The conviction is affirmed.