Chester Lee **MOHLER**, Petitioner-Appellant,

v.

**UNITED STATES** of America, Respondent-Appellee.

No. 13733.

United States Court of Appeals Seventh Circuit.

Jan. 4, 1963.

Rehearing Denied Feb. 5, 1963.

James B. Moran, Chicago, Ill., for appellant.

Carl W. Feickert, U. S. Atty., Walter D. Williams, Asst. U. S. Atty., East St. Louis, Ill., for appellee.

Before HASTINGS, Chief Judge, KILEY, Circuit Judge, and GRUBB, District Judge.

HASTINGS, Chief Judge.

Chester Lee Mohler, appellant, filed two separate motions to vacate his sentence and set aside a judgment of conviction pursuant to Title 28 U.S.C.A. § 2255. These motions were filed in the United States District Court for the Eastern District of Illinois, the court in which he was sentenced.

Following review of a transcript of the proceedings leading to appellant's conviction, together with the two motions for relief, the district court denied each petition, without a hearing. The denials were each accompanied by an extended written memorandum of the trial court giving in detail its reasons for such actions. We hold that the orders entered by the district court were well considered and should be affirmed.

The record shows that appellant was arrested for a traffic violation in Cairo, Illinois on Friday, March 17, 1961, at about 11:00 o'clock P.M. He was taken into custody by the city police along with his companion, Jack Carter. Subsequent to his arrest, the police found certain counterfeit bills in his possession and on Carter, together with more counterfeit money in appellant's suitcase.

The next morning, Saturday, March 18, 1961, he was taken before a Justice of the Peace in Cairo on the traffic charge and entered a plea of not guilty. That afternoon a United States Secret Service Agent arrived and interrogated appellant for about three hours. Appellant was held by the city police at the request of the Secret Service Agent, awaiting arrival of a United States Marshal.

On the same day, the Agent went before the United States Commissioner in Cairo and made a complaint against appellant. The Commissioner thereupon issued a warrant for appellant's arrest directed to United States Marshal. Contrary to the allegations in appellant's

motion, this warrant was received by the Marshal in Cairo and not in East St. Louis, Illinois on Monday, March 20, 1961. It was executed by the Marshal on the same day by taking appellant into custody in Cairo and transporting him to East St. Louis for arraignment before a United States Commissioner on the afternoon of the same day the arrest was made by the federal official.

Appellant claims in his first motion for relief that by virtue of the foregoing circumstances he was deprived of his constitutional right to a speedy trial by failure of the federal officers to comply with Rule 5(a), Federal Rules of Criminal Procedure, 18 U.S.C.A.[1]

■ The first arrest of appellant was admittedly made on Friday, March 17, 1961 by the Cairo city police on a traffic charge, and he was held in their custody until his subsequent arrest by the federal officer on Monday, March 20, 1961. On the latter day, he was promptly taken before a Commissioner for arraignment. There is no showing that he was denied any federal constitutional right in this sequence of events.

Further, the record is devoid of any claim by appellant that he was ever interrogated during the time between his arrest by the federal officer and arraignment or that he ever made a confession or was otherwise coerced in any manner to his subsequent disadvantage. As the district court observed, any delay between arrest and arraignment was occasioned by transportation required because of the 145-mile distance between Cairo and East St. Louis.

We agree with the district court that there is no showing of a denial of appellant's constitutional right to a speedy trial. The order denying appellant's first petition without a hearing is affirmed. Muldrow v. United States, 9 Cir., 281 F.

---

1. Rule 5(a) provides in pertinent part: "(a) Appearance before the Commissioner. An officer making an arrest under a warrant issued upon a complaint or any person making an arrest without a warrant shall take the arrested person without unnecessary delay before the nearest available commissioner or before any other nearby officer empowered to commit persons charged with offenses against the laws of the United States. * * *"

2d 903 (1960); Williams v. United States, 9 Cir., 273 F.2d 781 (1959).

The district court granted appellant leave to file a second § 2255 motion *in forma pauperis*. In this motion, appellant charges that his federal constitutional rights were violated in that the district court appointed the same counsel to represent him and his co-defendant Carter in the proceedings in that court. He further alleges he was not aware of his right to separate counsel, if he so desired.

The district court, before whom these proceedings took place, again reviewed the transcript of such proceedings. It appears that appellant and Carter were both before the court for waiver and arraignment on March 28, 1961. At their request, counsel (one lawyer) was appointed by the court to represent them.

There was no objection by appellant or his co-defendant to the appointment by the court of the same counsel to represent them. Further, there was no showing of any conflict between the interests of the two defendants.

Court-appointed counsel was given an opportunity to consult with each defendant and advised the court he had done so. The trial court then addressed direct questions to defendants, advising them of their constitutional rights to be charged by indictment and whether such rights had been explained to them by counsel and were understood by them. Each defendant answered in the affirmative and each waived indictment and consented to the filing of an information in lieu thereof.

The information was in three counts, charging violation of Title 18 U.S.C.A. § 472. Defendants each stated they knew and understood the charges in the information.

Upon inquiry from the court, defendants' counsel stated that Count II was a duplication; that defendants wished to plead guilty to Counts I and III and not guilty as to Count II. The court then inquired directly of defendants and each stated a desire to plead as counsel had just represented to the court. Thereupon, Count II was dismissed.

However, before accepting their pleas of guilty, the trial court advised them fully of their right to trial by jury and of the penalty on conviction, and each stated he understood what the court had said. Again, the court admonished them and asked: "Knowing all those facts, do you still wish to plead guilty to Counts 1 and 3?" Appellant replied, "Yes, Sir."

The trial court then accepted appellant's guilty plea. Oral application for probation was made as to each defendant. The case was continued until April 25, 1961, pending presentence investigation.

At a hearing on April 25, 1961, the same court-appointed counsel made a statement to the court on behalf of each defendant. Thereupon, the district court sentenced appellant to concurrent five-year terms on Counts I and III and his co-defendant Carter to concurrent three-year terms.

■ The district court properly concluded that there was no showing of prejudice to appellant in the appointment of the same counsel to represent him along with Carter. Quite to the contrary, the transcript of the record shows that appellant was extended every right to counsel at each step of the proceeding and was correctly and fully advised of his constitutional rights throughout. Lebron v. United States, 97 U.S.App.D.C. 133, 229 F.2d 16 (1955), cert. denied, 351 U.S. 974, 76 S.Ct. 1035, 100 L.Ed. 1492; Lott v. United States, 5 Cir., 218 F.2d 675 (1955); Farris v. Hunter, 10 Cir., 144 F.2d 63 (1944).

We appointed Mr. James B. Moran, of the Chicago, Illinois Bar, as counsel for appellant on this appeal. Mr. Moran prepared and filed a brief and an appendix in support of *pro se* briefs previously filed by appellant. He argued this appeal with vigor. We appreciate this gratuitous professional service for the benefit of appellant and commend Mr. Moran for his services.

The orders of denial appealed from herein are affirmed.

KILEY, Circuit Judge (concurring).

I agree completely with the opinion of Judge HASTINGS. I think it should be noted, however, that the statement of court-appointed counsel, relied upon by Mohler to show conflict of interest, was made at sentencing time, after the finding of guilt and after the presentencing report.