## PRESSLEY *v.* STATE

[No. 24, September Term, 1959.]

560

*Decided November 16, 1959.*

*Dissenting Opinion filed November 18, 1959.*

The cause was argued before BRUNE, C. J., and HENDER-SON, HAMMOND, PRESCOTT and HORNEY, JJ.

*Bryan B. Haddaway* for the appellant.

*Clayton A. Dietrich, Assistant Attorney General,* with whom were *C. Ferdinand Sybert, Attorney General, Saul A. Harris, State's Attorney for Baltimore City,* and *Frank J. Marcellino, Assistant State's Attorney,* on the brief, for the appellee.

HAMMOND, J., delivered the opinion of the Court.

Pressley, the appellant, and one Vass were indicted jointly for larceny and receiving stolen goods. At arraignment both pleaded not guilty. Each told the judge, when advised of his right to counsel, that he did not intend to retain a lawyer. The judge appointed counsel for Vass but told Pressley that he was old enough to represent himself or to seek his own lawyer.

When the case came on for trial some eleven days later, the trial judge appointed Vass's lawyer to represent Pressley. Between the time of arraignment and trial, Vass decided to plead guilty to larceny, and after a conference with the lawyer Pressley decided to offer to plead guilty to receiving stolen goods, and the State accepted that plea. Vass was sentenced to two years for larceny, and Pressley, because of his extensive prior criminal record of larcenies and burglaries, to three years for receiving.

Pressley, without the aid of counsel, filed a timely appeal as an indigent person and in his handwritten petition asserted as grounds of error that the value of the stolen goods found in his possession (a sweater and two shirts) "did not warrant a term of three years for receiving same;" that he had no knowledge the clothing had been stolen; that he was not given counsel until the trial and "did not have enough time to fill my counsel in on my case and also the other defendant and I had the same counsel," and further: "It seems to me that I have been convicted of receiving the whole lot of the goods * * * I feel I should have been convicted of the goods that were found in my possession."

The record discloses that the automobile of one Joseph Luger, parked on Henrietta Street near Sharp Street in Baltimore, was entered and a suit, jackets, sweaters, slacks and shirts of the total value of some $280.00 stolen from it.

Vass was picked up near the scene a few days later wearing one of the stolen jackets. Pressley was arrested soon after and in his possession were a shirt and one of the sweaters, which bore the initials of Mr. Luger. Neither Vass nor Pressley took the stand, but Vass gave a statement to the police in which he said Pressley had suggested the larceny and that both had participated in it. A policeman testified, after the guilty pleas, that Pressley, upon arrest, would not make a statement but did say that he had helped Vass carry the clothing from Sharp and Henrietta Streets to 525 S. Sharp Street, that the clothing had come out of a car, and that the policeman's recollection was that Pressley had said he had thought it was stolen.

For the purposes of the decision we may assume, without

deciding, that Pressley was entitled to the appointment of counsel under Maryland Rule 723 b, as one charged in a serious case, despite his age, his experience in criminal courts, and the relative simplicity of the facts and law involved, and their interrelation. These considerations and the familiarity of Pressley's counsel with the case, because of his representation of Vass, lead us to conclude that the relatively short period of time the lawyer had to confer with Pressley was adequate under the facts of the case, so that the representation was not illusory or nugatory. *People v. Quevreaux* (Ill.), 95 N. E. 2d 62, 66, *cert.* den. 340 U. S. 938; *Tolbert v. United States* (Mun. Ct. App., D. C.), 55 A. 2d 91, 93; *Slaughter v. United States* (Mun. Ct. App., D. C.), 89 A. 2d 646, 647. It is to be noted that neither appellant nor his lawyer seemed to find the time given them before trial to confer about the case inadequate. No request for postponement or complaint or objection was made by either prior to or at the trial.

That the same lawyer represented the two defendants is not of itself error. To show prejudice there must be revealed an actual or imminently potential conflict of interest which prevented the lawyer from impartially and adequately representing his clients. Whether there was, or not, such a conflict is a question of fact to be determined in each case.

In the case at bar, the evidence the State was prepared to offer against Vass left him little choice but to plead guilty to larceny. There is no evidence whatsoever that the plea was induced by the State as a promise of leniency or other reward, and at the time his lawyer was appointed to defend Pressley, it would appear that Vass had made his choice. The lawyer's immediate concern then became the proper course for Pressley to take. As indicated by his suggestion to the court that Vass's confession was not evidence against Pressley, the lawyer could not have failed to realize that the State would have difficulty in proving Pressley guilty of larceny, since the testimony of Vass against his accomplice would not of itself have been enough to convict, and there was real doubt of sufficient corroboration. Undoubtedly he knew, too, that Pressley's possession of the recently stolen shirts and the sweater bearing

the initials of the owner, and his admission to the police made it very likely that the verdict would be guilty of receiving stolen goods even without testimony from Vass. The decision to plead guilty to receiving stolen goods was logical under the circumstances. Pressley does not suggest that the lawyer pressured or induced him, or that there was any improper influence whatever upon him, to make the guilty plea.

A lawyer appointed to represent two defendants accused of joint criminal activity must determine whether there is, or is likely to be, a conflict of interest. If he finds that there is, he should advise the court and ask to be relieved. If he finds there is not, he properly can continue the joint representation if his clients agree. In the case before us the lawyer evidently found, when Pressley decided to plead guilty, that there was no conflict, and apparently neither Vass nor Pressley saw any. Pressley did not make any objection to the trial judge to Vass's lawyer representing him or claim that Vass's interests and his were antagonistic. There was no inconsistency or conflict between the interests of Vass and Pressley where the former admitted the larceny and the latter the receiving. That there could have been conflict or inconsistency in various hypothetical situations that could have developed if Pressley or Vass, or both, had decided to stand trial, is beside the point. Pressley made a free, voluntary and seemingly intelligent choice to plead guilty and the charge of conflict of interest must be judged in the light of what happened, not what might have happened.

The cases say that if the convicted one did not make known to the trial court his objection to the lawyer appointed for him, or his claim of conflict of interest, and no prejudice is revealed by the record, he cannot successfully maintain on appeal that there was reversible error by reason of the joint representation. In denying leave to appeal, sought on the grounds alleged in the case before us, the Court said in *Plater v. Warden,* 211 Md. 629, 631: "We think there was no showing of prejudice here, such as was shown in the cases of *Glasser v. United States,* 315 U. S. 60, and *Wright v. Johnston,* 77 Fed. Supp. 687. Cf. *United States v. Bernett,* 103 F. Supp. 39. * * * Nor was there any showing of timely

564

objection on the part of the petitioner to the trial court, on this or any other ground." See also *McMahan v. Warden,* 215 Md. 600, 601; *State v. Tucker* (W. Va.), 100 S. E. 2d 411, 417, *cert.* den. 357 U. S. 908; *People v. Meacham* (Cal.), 190 P. 2d 262, 269; *Lebron v. United States,* 229 F. 2d 16, 20, (D. C. Cir. 1955), *cert.* denied 351 U. S. 974; *Sanders v. United States,* 183 F. 2d 748, (4th Cir. 1950), *cert.* denied 340 U. S. 921; *Farris v. Hunter,* 144 F. 2d 63, 65 (10th Cir., 1944); *United States v. Rollnick,* 91 F. 2d 911, 916 (2d Cir., 1937).

Pressley was not represented in this Court by his lawyer below. His new counsel, appointed to represent him here, has faithfully and ably presented his client's claims of error at the trial. Although Pressley, in his petition for appeal, claims he did not know the goods were stolen and pleaded guilty only after he heard they had been, his real complaint looks to be that the sentence was too severe and that he was punished for receiving all the stolen clothing, when actually he received but a small part. His assignment of errors concludes with the statement: "I feel I should have been convicted of the goods that were found in my possession." We find the record to show he was convicted of receiving the goods found in his possession (which almost certainly were worth less than $100.00), that his sentence was authorized by Code (1957), Art. 27, sec. 467 (receiving stolen goods under the value of $100.00), and that his sentence reflected his bad criminal record. His assertions of conflict of interest find no support in the record.

*Judgment affirmed.*

BRUNE, C. J., filed the following dissenting opinion.

In my estimation this case was one in which the appellant should have had counsel. Counsel was in fact appointed for him, but not until just before the case was scheduled to go on trial; and then the same counsel who had previously been appointed to represent the appellant's co-defendant, Vass, was also appointed to represent the appellant, Pressley. Two questions arise in connection with this appointment—a possi-

ble conflict of interest between the two defendants and the shortness of time available for consultation—both of which are accentuated by the legal questions incident to the testimony of the co-defendant, who would be an accomplice if Pressley were a participant in the larceny. See *Cash v. Culver*, 358 U. S. 633.

The conflict of interest was, I think, more than theoretical. Vass' statement to the police implicated Pressley as the moving spirit in the larceny. I believe that Vass might have been expected to plead guilty himself and, if Pressley stood trial, to testify against the latter on the charge of receiving stolen goods as well as on the larceny charge. Their joint counsel would scarcely have been in a position to challenge Vass' testimony or to attack his credibility on the basis of his past criminal record, or otherwise. Quite possibly, the evidence against Pressley on the receiving charge would have been sufficient to convict him even without Vass' testimony, and undoubtedly their joint counsel so believed. It is, however, my opinion that Pressley should have had the benefit of the legal advice of counsel other than the lawyer already appointed to represent Vass. It is also my opinion that the time allowed for consultation was unduly short, even after allowing for counsel's familiarity with Vass' version of the case.

Because of the seriousness of the offenses charged and because the legal questions arising out of the prospective testimony of an accomplice were such as would not ordinarily be within the knowledge of a layman *(Cash v. Culver, supra)*, the need for counsel is, I think, apparent. The need for independent counsel also seems to me to have been present *(Wright v. Johnson, 77* F. Supp. 687). Because of the legal problems involved, I do not think that Pressley should be charged, by reason of his silence, with having made an understanding waiver of any right to independent counsel and to adequate time for consultation with counsel. Hence it seems to me that his present contention could be raised on appeal.

I, therefore, think that the judgment should have been reversed and the case remanded for a new trial.